UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GEORGE HAAS AND ELAINE HAAS                    CIVIL ACTION

VERSUS                                          NO:  06-7685

STONE INSURANCE, INC.                           SECTION: "S" (3)

### ORDER

**IT IS HEREBY ORDERED** that the motion to remand of George Haas and Elaine Haas is **GRANTED**, and the case is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.  (Document #3.)  All parties are to bear their own costs.

### BACKGROUND AND DISCUSSION

The plaintiffs filed a petition for damages against Stone Insurance, Inc.(Stone), a Louisiana corporation, alleging a breach of fiduciary duty to procure adequate coverage under homeowners and flood insurance policies and failing to inform about the limitations and exclusions in the policies and the options available to the plaintiffs.  Stone removed the case to federal court based on federal question jurisdiction under the National Flood Insurance Act. (NFIA), and the plaintiffs filed a motion to remand.

Jurisdiction exists over claims against "Write Your Own" carriers acting as administrators for the federal program under § 4072 of the NFIA.  See Palmieri v. Allstate Ins. Co., 445 F.3d 179, 184, 187 (2nd Cir. 2006).  The NFIA preempts state law claims for an

adjustment of an insurance claim, which is considered "handling" of the claim.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005).  A number of courts have held that the NFIA does not act to preempt state law for claims related to flood insurance procurement.  See Landry v. State Farm Fire & Casualty Co., 428 F.Supp.2d 531 (E.D. La. 2006).  "The federal courts premise their jurisdiction under the NFIA upon the fact that policies under the National Flood Insurance Program are paid from the federal treasury; thus claims regarding handling of those policies also involve the spending of federal funds.  Id.  "[F]ederal funds are not used to reimburse [Write Your Own] insurers for liability arising outside of the scope of the Act.  Id.  Because claims involving procurement do not involve the expenditure of federal funds, "there is no equivalent justification for federal jurisdiction."  Id.

The plaintiffs' claims challenge the failure of Stone to procure and maintain adequate homeowners and flood coverage.  The claims do not challenge the handling, administration, or payment of the flood claim or compliance with the Act or the regulations.  The state law claims are not preempted, and the court lacks subject matter jurisdiction under the NFIA.

Accordingly, the motion to remand is granted, and the case is remanded to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this   14th   day of December, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**